UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>U.S.D.C. EASTERN DIST. OF CA., FRESNO,<br><br>　　　　　Respondent. | No.  1:20-cv-01453-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA |

　　　　Petitioner Byron Johnson is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner states he was sentenced in 1986 in the Los Angeles County Superior Court to a term of 29 years and 4 months.  (Doc. 1 at 4.)  He states he was also sentenced in 1994 in this Court to a federal term of 4 years to be served consecutively to the state term.  (Doc. 1 at 4.)  However, Petitioner is not challenging the imposition of either sentence.  He instead challenges the manner in which his sentences are being executed.

　　　　Petitioner claims he completed his state sentence in March of 2016 and has been held in state custody since then.  (Doc. 1 at 4.)  Because his 4-year federal sentence was to run consecutively to his state sentence and he has been held in custody for over 4 years beyond completion of his state sentence, he claims he has completed the consecutive federal term and should be released from custody. (Doc. 1 at 4-5.)  He states the California Department of

Corrections and Rehabilitation ("CDCR") "still ha[s] an active Federal warrant hold on [him] and will not release [him]" even though he has completed the federal sentence. (Doc. 1 at 5.) He asks the Court to "contact the [CDCR] and have them lift [the] Federal custody hold." (Doc. 1 at 5.)

## DISCUSSION

A habeas petition may be filed in the United States District Court for either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial District Court, 410 U.S. 484, 497, 93 S. Ct. 1123, 1131 (1973). Petitioner was convicted and sentenced on his state conviction in the Los Angeles County Superior Court, which is located in the Central District. He was convicted and sentenced on his federal conviction in the Fresno Division of the Eastern District. He is confined at California Medical Facility, Vacaville ("CMF"). (Doc. 1 at 1); CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/. CMF is in the Sacramento Division of the Eastern District of California. See CDCR Facility Locator, https://www.cdcr.ca.gov/facility-locator/cmf/ (stating CMF is located in Solano County); 28 U.S.C. § 84(b) (stating that Solano County is in the Eastern District of California).

In general, when a habeas petitioner is challenging his underlying sentence or conviction, the judicial district in which the petitioner was convicted and sentenced is the preferred forum because of the accessibility of evidence, records, and witnesses in that forum. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Here, Petitioner is challenging the manner in which his sentence is being executed. Because Petitioner is confined in Solano County and Solano County lies in the Sacramento Division of the Eastern District, the Sacramento Division is the preferable forum to consider the petition. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district court where the prisoner is confined."); Bell v. California, No. 17-01023, 2017 U.S. Dist. LEXIS 123722 at *2 (E.D. Cal. Aug. 3, 2017) ("It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction and for petitions challenging the manner in which the sentence is being executed to be heard in the district of confinement."); Local Rule 120(d) (stating civil proceedings arising in Solano County shall be commenced in the Sacramento Division of the

Eastern District).

**CONCLUSION**

For these reasons, the Court finds that transferring this action to the Sacramento Division of the Eastern District of California is in the interests of justice. See 28 U.S.C. § 1406(a) (authorizing federal court to transfer a case to the appropriate district court in the interests of justice).

Accordingly, IT IS ORDERED that the Clerk of the Court transfer this case to the Sacramento Division of the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated:   **October 15, 2020**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE