UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON C. JOHNSON, | No. 2:20-cv-02060 JAM GGH P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| DANIEL E. CUEVA, Acting Warden, | |
| Respondent. | |

*Introduction and Summary*

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

    Petitioner believes a federal hold or warrant is keeping him from being released from state prison on an allegedly expired state sentence, even though he also recognizes that he is serving an indeterminate life sentence on other state convictions. Nevertheless, petitioner wants state authorities to lift the supposed federal hold. The United States Attorney, at the request of the undersigned, reported that petitioner has no remaining federal sentence to complete in any way whatsoever. ECF No. 23.

////

1

1       The state respondent has moved to dismiss on the basis that petitioner has not exhausted
2   his claims with the California Supreme Court. ECF No. 16. The undersigned also notes, to the
3   extent that petitioner still believes he is subject to a federally imposed sentence and a federally
4   imposed "hold," the proper petition should be brought pursuant to 28 U.S.C. § 2241.
5   *The Habeas Petition*
6       Petitioner alleges that he received a four year "consecutive" to state incarceration federal
7   sentence in 1994.  He believes that a state imposed sentence, to which the federal sentence is
8   supposedly consecutive expired in 2016.  ECF No. 1 at 4 (Ground 1).  He asserts, at least initially,
9   that he is being erroneously kept in state prison because of this federal conviction, i.e., state
10  authorities refuse to lift the federal warrant/hold, but somehow he is being kept in state prison
11  regardless of the fact that his state (and federal) sentence has expired. Later, however, petitioner
12  alleges that he is serving an 8 year-to-life indeterminate state sentence for crimes unrelated to the
13  "expired" state sentence. ECF No. 1 at 6.  Nevertheless, he wants the federal conviction expunged
14  from state records so that he can be released.
15  *The Motion to Dismiss*
16      State Claim
17      Respondent moves to dismiss on the basis that petitioner has not exhausted any of his
18  claims with the California Supreme Court.  Petitioner opposes this motion, not on the grounds
19  that he has exhausted such claims, but that the sentence at issue is a federal one such that his
20  expungement claims need not be exhausted.  Of course, no authority is cited for petitioner's
21  argument.
22      Assuming for the moment that state CDCR personnel have the authority to expunge a
23  federal conviction from their records, or otherwise correct an inoperative federal warrant/hold, or
24  is otherwise simply holding petitioner in a state prison for erroneous reasons, respondent is
25  correct: petitioner must have exhausted his claims with the California Supreme Court.
26      "Under the exhaustion requirement, a habeas petitioner challenging a state conviction
27  must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103
28  (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is

designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction petition for a writ of habeas corpus in which he adequately describes the federal constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Petitioner does not allege, much less demonstrate, that he has exhausted state remedies. This habeas petition, which names a state respondent, should be dismissed on grounds of lack of exhaustion with leave to amend.

Federal Claim

Moreover, from petitioner's opposition, the undersigned understands that petitioner really desires to attack the execution of a federal sentence, if indeed there is any federal sentence to attack. As such, petitioner's remedy is to file a 28 U.S.C. § 2241 habeas petition. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

The problem is, according to the United States Attorney, that no yet-to-be completed federal sentence exists. Petitioner must amend the petition to state a claim which makes sense in light of the facts.

*Conclusion*

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 16) will be granted with leave to amend;

2. Petitioner shall file an amended petition within 30 days from the date of this order in accordance with the following instructions: The amended petition shall clearly state with specific facts (which are not inconsistent) with what petitioner is attempting to adjudicate with respect to the operation of a state-imposed incarceration. If petitioner is simply attempting to have state records corrected, he shall specifically state the nature of the records he is attempting to correct,

and whether he has exhausted administrative and/or state court remedies.  If petitioner is attempting to attack the execution of an unexpired, actually existing, federal sentence, he shall clearly show that he has an operative federal sentence to remedy.  Petitioner shall show why, for either state or federal purposes, why this case is not moot, i.e., what real life impact on petitioner an asserted error makes; and

     3.  In the alternative to filing an amended petition, petitioner may inform the court within 30 days from the date of this order, that in light of the information presented by the United States Attorney, he no longer desires to pursue this action.

Dated: July 19, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE