\

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON C. JOHNSON, | No. 2:20-cv-02060-KJM-CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DANIEL E. CUEVA, | |
| Respondent. | |

Petitioner is a former state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

Currently pending before the court is petitioner's first amended habeas application filed on July 26, 2021.  ECF No. 25.  For the reasons explained below, the undersigned recommends summarily dismissing the amended habeas petition because it plainly appears from the record that petitioner is not entitled to relief.  See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

I.      **Factual and Procedural History**

In his original § 2254 application, petitioner requested that state prison officials remove a federal hold that was incorrectly listed as active even though he had fully served his sentence. ECF No. 1.  Respondent submitted a status report to the court indicating that petitioner "does not

owe further federal incarceration time, federal supervision time (probationary period), or money payments for his federal conviction and sentence in CR 94-5045-MDC." ECF No. 23 at 2. The previously assigned magistrate judge entered an order on July 19, 2021 granting respondent's motion to dismiss the original § 2254 petition in this case based on the failure to exhaust state court remedies. ECF No. 24. However, the court granted petitioner leave to amend his habeas petition "to state a claim which makes sense in light of the facts" that there was no "yet-to-be completed federal sentence" resulting in any federal hold on petitioner's state prison record. ECF No. 24 at 3.

Petitioner filed his amended § 2254 application once again requesting that federal authorities notify the California Department of Corrections and Rehabilitation that he has no active federal warrant stemming from his 1999 federal sentence imposed in the Eastern District of California, Fresno Division. ECF No. 25. Petitioner indicates that clearing this inaccurate federal hold will allow him to be released on state parole for his current 81 year-to-life sentence that he is serving and not challenging in the present case. ECF No. 25 at 2.

**II.     Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court is unable to discern any factual or legal basis supporting petitioner's claim for relief. After reviewing the full record in this case, there is no indication that petitioner is being held in state custody based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, this court lacks subject matter jurisdiction. Likewise, the court declines to construe petitioner's habeas application as one pursuant to 28 U.S.C. § 2241 challenging the execution of a federal sentence because it fails to raise any constitutional, statutory, or treaty based claim. See 28 U.S.C. § 2241(c) (stating that the writ shall not issue unless the detainee is in custody "in violation of the Constitution or laws or treaties of the United States"). The instant habeas petition should therefore be summarily dismissed based on lack of jurisdiction. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's first amended application for a writ of habeas corpus be summarily dismissed based on lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 23, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/john2060.summ.dismiss.docx